COLE, Judge.
There are two questions presented by this appeal. The initial question is whether a proxy containing alleged typographical errors as to the date of the proxy’s execution and use may be deemed “regular on its face ...” as required by La.R.S. 12:75 C(4). The additional question is whether a proxy issued by an owner in indivisión of two shares of stock, purporting to allow the proxy holder to vote two-thirds of a share, allows the proxy holder to vote the entire two shares, pursuant to La.R.S. 12:75 C(5).
We agree with the trial court’s conclusions the proxy with typographical errors is not “regular on its face” and a proxy purporting to allow the proxy holder to vote two-thirds of a share can not be interpreted to allow the proxy holder to vote two shares. Therefore, we affirm the trial court. In support thereof, we adopt the *181 excellent reasons handed down by the trial court and by quotation herein incorporate them as a part of this opinion. Additionally, we address an argument raised by the plaintiffs in brief and not previously considered by the trial court.
The trial court’s written reasons provide:
“The matter presently before this Court is a Quo Warranto proceeding brought by John E. Thibaut, Thomas A. Thibaut and Mercedes T. Smith as shareholders and purported members of the Board of Directors of Crawford and Thibaut, Inc., a Louisiana corporation. It is alleged that James Henry Thibaut, David D. Thibaut and Charles Thibaut have as a result of an annual shareholders meeting on May 1, 1985, claimed the officies of directors of said corporation and have intruded therein and used the powers of the offices illegally and without authority.
“The facts in this case are basically undisputed. The parties to this proceeding are principal shareholders of the above referred Crawford and Thibaut, Inc. Plaintiff John E. Thibaut and defendants David D. Thibaut and James H. Thibaut, among others, were present at the annual stockholders meeting of Crawford and Thibaut, Inc. held on May 1,1985. The meeting was duly called, and the stockholders of Crawford and Thibaut, Inc. were represented either in person or by allegedly valid proxies. Upon examination of the proxies, it was determined that a proxy held by John E. Thibaut for two-thirds (⅜) share of Crawford and Thibaut, Inc. Common Stock owned by Jerry L. Boyce, on its face represented that it was for the May 1,1984 annual meeting, and the proxy was dated April 30, 1984. At the hearing on May 14, 1985, John E. Thibaut testified that the signature on the proxy was not in fact that of Jerry L. Boyce, rather, Mr. Boyce’s name was inscribed thereon by John E. Thibaut.
“Because on its face the proxy allegedly representing Jerry L. Boyce’s two-thirds (%) share contained incorrect dates, that proxy was declared by the Chairman of the Meeting James H. Thibaut, not valid for the meeting. During the course of the meeting, Dr. David D. Thibaut entered a motion that the number of directors of the corporation be set at three (3) and that those directors be James H. Thibaut, Charles Thibaut and David D. Thibaut. Vote was had on the motion, and the motion passed with sixty (60) shares voting in favor of the motion and fifty-nine and one-third (59 ½) shares voting against the motion. The two thirds (⅜) share allegedly represented by Jerry L. Boyce’s proxy was not recognized by the Chairman of the Meeting. Two other motions were made and carried by the same division of votes. The meeting was adjourned by unanimous vote and, after the subsequent arrival of Jerry L. Boyce, no request was made, nor was any action taken to re-open the meeting.
“When it was discovered that the dates on the proxy referred in fact to the May 1, 1984 meeting, the explanation was proffered by John E. Thibaut, the proxy holder, that actually the dates therein were merely typographical errors and that the proxy was indeed meant to be voted at the May 1, 1985 meeting. No mention was made at that time that the signature on the contested proxy was not in fact the signature of Jerry J. (sic) Boyce, the stockholder, and there was no indication on the contested proxy that it was signed by anyone acting as a representative or agent of Jerry L. Boyce.
“It is the position of defendants that the Chairman of the Meeting was not only within his rights in ruling the proxy allegedly signed by Jerry L. Boyce as invalid for the May 1, 1985 annual meeting, it was also his duty to do so as a de facto election inspector. It is basic corporation law that once a proxy has been challenged, the inspector has the discretionary authority to validate or invalidate that proxy based upon what the proxy reveals on its face. The inspector, furthermore, has no authority to accept extrinsic matters as evidence of the validity or invalidity of a proxy, rather he is constrained to make his determination concerning the proxy from *182 the four corners of the instrument. See, e.g., Salgo v. Matthews, 497 S.W.2d 520, [620] 627 (Tex.Civ.App.1973); Annot., Corporations: Power of Inspectors of Election Relating to Irregular or Conflicting Proxies, 44 ALR 3d 1443 (1972).
“It is the considered opinion of the court that the aforesaid position of defendants is proper and it is this courts determination that not only was the proxy of Jerry L. Boyce invalid, but also that the Chairman of the Meeting acted properly and within his rights in ruling the proxy allegedly signed by Jerry L. Boyce as invalid for the May 1, 1985 annual shareholders meeting. While neither party, nor this court was able to find any applicable jurisprudence on these issues the Revised Statutes provide a clear basis for the aforesaid determination.
The requirements for casting a shareholders vote by proxy as set out in LA.R.S. 12:75C(1), which provides as follows, to-wit:
‘C. (1) A shareholder shall have the right to cast his vote either in person or subject to the following provisions, by proxy duly authorized in writing, signed by the shareholder and filed with the secretary at or before the meeting.’ (emphasis added)
The manner of dealing with a challenge to the validity of a proxy is a ‘following provision’ set out in LA.R.S. 12:75C(4), which provides as follows, to-wit:
‘(4) A proxy regular on its face, and signed in the name of a shareholder entitled to vote at the meeting, shall be deemed valid unless challenged before it is voted, and the burden of proving invalidity shall be on the challenger.’ (emphasis added)
This provision is clear that ‘a proxy regular on its face and signed in the name of a shareholder entitled to vote at the meeting, shall be deemed valid.’ The evidence clearly established that the contested proxy was not regular on its face as to the May 1, 1985, annual shareholders meeting and accordingly the Chairman of the Meeting was justified in ruling that the said proxy could not be used to (sic) Jerry L. Boyce’s two-thirds (⅜) of a share at the May 1, 1985, annual shareholders meeting.
“Furthermore, any doubt as to the actions of the Chairman of the Meeting being proper has now been entirely dissipated by the subsequent revelations at the May 14, 1985 hearing that the contested proxy was not signed by Jerry L. Boyce. LA.R.S. 12:75C(1) set out hereinabove clearly requires that any proxy be ‘duly authorized in writing [and] signed by the shareholder’ and it is undisputed that neither of these requirements was met with respect to the Jerry L. Boyce proxy. The lack of a proper signature completely negates any possible contention that the contested proxy was valid, and in fact, if the proxy had been permitted to be used to vote the two-thirds (⅜) share at the meeting, the defendants in this matter could undoubtedly be successful in attacking that vote on the basis that the proxy was not valid.
“The only other argument urged by plaintiffs to allow them to vote Jerry L. Boyce’s two-thirds (⅜) of a share is that the proxies submitted by James H. Boyce, Jr. and John C. Boyce granted the proxy-holder the authority to vote Jerry L. Boyce’s stock. Plaintiffs rely on LA.R.S. 12:75C(5) to support that position, which provides as follows, to-wit:
‘(5) When shares are registered in the names of two or more persons (other than fiduciaries), a proxy signed by any one or more of them shall be deemed valid unless the corporation receives written notice to the contrary from a nonsigning registered holder before the proxy is voted.’
but all that section does is to support the proposition that James and John’s proxies, which were allowed, do not have to be signed by all three stockholders in whose names the two shares represented by stock Certificate No. 17 are registered. It is clear that each of James and John’s proxies are valid assuming the proxies were actually signed by James and John respectively. *183 There is no dispute concerning the validity of James and John’s proxies, but neither can there be any dispute that each of those proxies is limited on its fact to two-thirds (⅜) of a share of Crawford and Thibaut Common Stock. The proxies have been entered in this Court’s records and each of them states immediately after the date of the proxy and before the signature of the stockholder:
“ ‘Number of my shares ⅜.’ John E. Thibaut, as the holder of valid proxies from each of James and John Boyce, was entitled to vote two-thirds (⅜) of a share for each proxy, or a total of one and one-third (⅛) shares, at the May 1, 1985 meeting. His vote of those shares was recognized and counted.
“This court must concur in defendant’s contention that a proxyholder cannot vote more shares than are specified in the proxy — if a stockholder who owns one hundred (100) shares grants a proxy covering fifty (50) shares, that proxyholder can only vote the fifty shares, not the entire one hundred shares. This proposition is amply supported by logic (e.g., what if the owner of one hundred shares grants two proxies for fifty shares each to two persons — obviously those two proxyholders can each vote only fifty shares) and by reference to Louisiana law of mandate.
“Accordingly, it is the decision of this court that the Jerry L. Boyce proxy was invalid and could not be used to vote his two-thirds (⅜) of a share, and the two proxies of James and John Boyce on their faces covered only their shares — a total of one and one-third (1½) shares. No other document was presented to vote Jerry L. Boyce’s two-thirds (⅜) of a share at the May 1, 1985 meeting. Therefore the votes on the motions made at that meeting are hereby ordered to be allowed to stand, and the election of a new Board of Directors for Crawford and Thibaut, Inc. is therefore being upheld by this Court.”
Additionally, the plaintiffs argue it was error for the trial court to find the proxies of James H. and John C. Boyce could be voted for only two-thirds of a share each because they assert fractional shares may not be voted. According to plaintiffs, the blank on the proxy forms as to “Number of my shares” would thereby have no legal efficacy and should be read out of the proxy. Pursuant to La.R.S. 12:75 C (5), the plaintiffs argue the proxy holder would be allowed to vote “with all the powers I should possess if personally present,” as recited in the proxy.
While it may be correct fractional votes are not permissible, see Hebert v. Stansbury, 248 So.2d 873 (La.App.3d Cir.1971), writ refused, 259 La. 793, 253 So.2d 61 (1971), La.R.S. 12:51 D and La.R.S. 12:75 A, it does not necessarily follow the proxies of James H. and John C. Boyce may be voted for two shares.
If fractional voting is prohibited then a proxy attempting to allow a fractional vote must be viewed as not “regular on its face” contrary to La.R.S. 12:75 C (4). This court can not simply read “Number of my shares ⅜.” as if it were not present. Such a proxy would constitute an attempt to convey a prohibited vote and must be viewed as an invalid proxy. Therefore, this argument by plaintiffs is without merit. The trial court is affirmed. All costs are to be assessed against plaintiffs.
AFFIRMED.